UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
NELSON DIAZ,                                            :
                                                       :
                          Petitioner,                  :
                                                       :
              - against -                              :
                                                       :
WARDEN, ELMIRA CORRECTIONAL            :
FACILITY,                                              :
                                                       :
                          Respondent.                  :
-------------------------------------------------------------- X

NOT FOR PUBLICATION


**MEMORANDUM**


No. 11-cv-3919


KORMAN, J.:

I assume familiarity with the underlying facts and circumstances of this case.  Briefly, the

petitioner was convicted principally of two counts of assault in the first degree.  The victim of

the assault was rendered senseless to the extent that he was unable to recall the event itself and

otherwise suffered from loss of memory.  Specifically, petitioner repeatedly struck the victim in

the head and face with fists, boots, and a bicycle, causing multiple facial fractures and bruising

and bleeding in the victim's brain.  The victim was hospitalized for almost two months, required

a metal plate to be surgically inserted in his face, and suffered brain injuries such that, almost

eighteen months following the assault, his speech still dragged, he could not remember the

assault, and he could not remember information from one day to the next.

The principal issue raised on direct appeal and in the petition implicates the instruction

the trial judge gave to the jury on the defense of justification.  The trial judge gave the following

charge on the defense of justification:

> [T]his defendant has raised the defense of justification.  The defendant is not
> required to prove that he was justified.  The People are required to prove beyond a
> reasonable doubt that he was not justified.  Under our law a person may use
> deadly physical force upon another and to the extent that he reasonably believes

1

necessary to defend himself from . . . imminent use of deadly physical force upon himself.

Deadly physical force means physical force which under circumstances in which it is used is readily capable of causing death or serious physical injury. I'll define some terms to you.

Serious physical injury means impairment of a person's physical condition which creates a substantial risk of death or which causes death or serious and protracted disfigurement, protracted impairment of health or loss of a function of any bodily organ.

Now, the determination of whether a person reasonably believes deadly physical force to be necessary to defend himself from what he reasonably believes to be deadly physical force is basically a two-part test.

First, this defendant must have actually believed that the complainant, Mr. Persaud, was using or was about to use deadly physical force upon him. And that the defendant's own use of deadly physical force was necessary.

And, secondly, a reasonable person in this defendant's position knowing what he knew, and being in his position, would have those same beliefs.

Thus, under our law of justification . . . it's not sufficient that this defendant honestly believed in his own mind he was faced with somebody using deadly physical force. An honest belief, no matter how sincere, may still be unreasonable. To have been justified to use deadly physical force this defendant must have honestly believed it was necessary to defend himself from the imminent use of deadly physical force upon him. And a reasonable person in his position would have believed the same thing.

Tr. 422-24.

The petitioner argued in his Appellate Division brief that the charge was not accurate because there was "a factual dispute as to whether [petitioner] used deadly physical force against" the victim. Def.'s A.D. Br. at 33; *see also id.* at 35. Thus, he argued that "[s]ince there was no dispute that appellant used force against [the victim], however, without guidance on the circumstances under which ordinary, non-deadly physical force could justifiably be used, it was impossible for the jury to make this crucial factual determination." *Id.* at 35-36. The Appellate Division agreed that the trial judge "improperly limited the application of the defense of

2

justification to those circumstances in which the use of deadly physical force would be justified."

Nevertheless, it affirmed the conviction because "the error was harmless in light of the

overwhelming evidence of the defendant's guilt, and there is no significant probability that the

jury would have acquitted the defendant but for the error." *People v. Diaz*, 71 A.D.3d 1158,

1158 (N.Y. App. Div. 2010).

I agree with the Appellate Division that any error was harmless.  I pause here to observe

that any error in failing to properly instruct the jury on the defense of justification rises to the

level of a due process violation only if it would have "affected the jury's verdict," *Blazic v.*

*Henderson*, 900 F.2d 534, 542 (2d Cir. 1990), or where it was "sufficiently harmful to make the

conviction unfair." *Davis v. Strack*, 270 F.3d 111, 124 (2d Cir. 2001).  Petitioner did not submit

a proposed instruction, and the objection he raised to the instruction after it was given does not

expressly detail the language of the charge that he was seeking.

I assume for these purposes that he was seeking an instruction on the use of ordinary

physical force consistent with that set out in the Criminal Jury Instructions for New York State

("CJI").  The preface to this instruction in the CJI's first edition contains the caveat that it "is

applicable to the defensive use of ordinary unlawful physical force, and is to be used when the

defense of justification is raised by *a defendant charged with the intentional, reckless or*

*criminally negligent use of ordinary unlawful physical force against another*."  Criminal Jury

Instructions – New York ("CJI"), § 35.15(1) (emphasis added).  Although the preface does not

appear in the second edition of the CJI, it is a clearly correct and logical statement of the law.

Petitioner was not charged with the use of ordinary unlawful physical force against

another.  Instead, he was charged and convicted of two counts of Assault in the First Degree

(New York Penal Law §§ 120.10[1], [2]), which contains a requirement of force that would

satisfy the definition necessary for a finding of deadly force or serious injury.  Specifically,

§§ 120.10[1] and [2] read as follows:

> A person is guilty of assault in the first degree when:
>
> 1. With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or
>
> 2. With intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such injury to such person or to a third person.

Under these circumstances, there is support for the argument of the District Attorney that

petitioner was not entitled to an instruction on the use of ordinary physical force.  Nevertheless,

even accepting the Appellate Division's holding to the contrary, the jury's verdict of guilty only

confirms the judgment of the Appellate Division that the alleged error in the instruction was

harmless, because the jury could not have convicted petitioner unless it found beyond a

reasonable doubt the petitioner used force causing serious physical injury.

This consideration aside, the preface to the recommended charge on the defense of use of

ordinary physical force, as set out in the first edition of the CJI § 35.15(1), defines ordinary and

deadly physical force in a manner consistent with the New York Penal Law as follows:

> The term "ordinary" physical force is not defined.  The term "deadly physical force" is defined in § 10.00(11) as physical force which, under the circumstances in which it is used, is readily capable of causing death or "serious physical injury."  Thus, "ordinary" physical force means physical force other than deadly physical force.  But since it must also be "*unlawful*" physical force, it must be the kind of force which is capable of causing "impairment of physical condition or substantial pain."  Slaps, shoves, kicks and the like are not unlawful.
>
> Subdivision one of [New York Penal Law § 35.15] authorizes such a defendant to use ordinary defensive physical force when he "reasonably believes" such use to be necessary to defend himself (or a third person) from what he "reasonably believes" to be the use or imminent use of any kind of unlawful offensive physical force against him (or a third person), whether ordinary or deadly.

Thus, assuming a charge on the defense of ordinary physical force was given and it presented a defense to the crimes with which the defendant was charged, the jury would have to have accepted petitioner's testimony that the force he employed was not capable of "causing death or 'serious physical injury.'"  The evidence provided by at least four disinterested eyewitnesses, combined with the injuries the victim suffered, plainly supports the Appellate Division's conclusion that there was no significant probability that the jury would have acquitted the petitioner even if it had been instructed on the proper use of ordinary force.  The evidence of the nature of the force used, which I have carefully reviewed and which is accurately summarized in the District Attorney's memorandum, was overwhelming.  *See* Mem. of Law in Opp. to Pet. at 24-26.

Petitioner also argues that the lawyer who represented him on appeal failed to provide him with the adequate assistance of counsel because he failed to raise two issues.  This argument fails because the two errors attributed to counsel failed to meet either the first or second prong of the *Strickland* test.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  Indeed, as the Supreme Court has observed, competent defense lawyers are not obligated to raise every conceivable claim on appeal.  *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.").

The petition is denied.

Brooklyn, New York
June 6, 2013

*Edward R. Korman*
Edward R. Korman

5